# United States District Court
## District of Rhode Island

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| ARIES D. CRUDUP | Case Number: **1:02CR00073-01T** |
| | Edward C. Roy, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): **I of the Indictment** .
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | FELON IN POSSESSION OF A FIREARM | 9/30/01 | I |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ] Count(s) dismissed on motion of the United States: ___.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ███

Defendant's Date of Birth: ███

Defendant's USM No.: **05205-070**

Defendant's Residence Address:
**182 Burnside Street**
**Providence, RI 02905**

Defendant's Mailing Address:
**182 Burnside Street**
**Providence, RI 02905**

_May 2, 2003_
Date of Imposition of Judgment

_Ernest C. Torres_ (signature)
Signature of Judicial Officer

**ERNEST C. TORRES**
**Chief Judge**
Name & Title of Judicial Officer

5/14/03
Date


Attest to True Copy
DAVID A. DIMARZIO
By: _____ Deputy Clerk

24

CASE NUMBER: 1:02CR00073-01T                                                    Judgment - Page 2 of 7
DEFENDANT: **ARIES D. CRUDUP**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **84 months to be served consecutively to State Court sentence.** .

[✔]   The court makes the following recommendations to the Bureau of Prisons:

   1)   **The Court recommends that the defendant receive credit for time in federal custody.**

   2)   **That the Defendant be assigned to a facility close to Rhode Island.**

   3)   **That the defendant be assigned to a facility with substance abuse counseling and treatment program.**

   4)   **The Court recommends that this offense be concurrent to any future sentence imposed in P2/02-1366AG.**

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 2 - Imprisonment

CASE NUMBER: 1:02CR00073-01T
DEFENDANT: ARIES D. CRUDUP

Judgment - Page 3 of 7

# RETURN

I have executed this judgment as follows:

___

___

___

Defendant delivered on _10-11-05_ to _USP Lewisburg_ at _Lewisburg, PA_, with a certified copy of this judgment.

_Joseph V. Smith,_
~~UNITED STATES MARSHAL~~
Warden

By _Susan J. Stover_
~~Deputy United States Marshal~~ LIE

CASE NUMBER: 1:02CR00073-01T                                                                                         Judgment - Page 4 of 7
DEFENDANT:  ARIES D. CRUDUP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 3 - Supervised Release

CASE NUMBER: 1:02CR00073-01T                                                                 Judgment - Page 5 of 7
DEFENDANT:   ARIES D. CRUDUP

# SPECIAL CONDITION OF SUPERVISION

**In addition, the defendant shall comply with the following special condition:**

Defendant to continue drug treatment in a program to be approved by the U.S. Probation Office if necessary.

Case 1:02-cr-00073-T    Document 31    Filed 10/18/2005    Page 6 of 7

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 5, Part B - Criminal Monetary Penalt.

CASE NUMBER: 1:02CR00073-01T                                                    Judgment - Page 6 of 7
DEFENDANT: ARIES D. CRUDUP

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|            | Assessment | Fine  | Restitution |
|------------|------------|-------|-------------|
| Totals:    | $100.00    | $0.00 | $0.00       |

[ ]   The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---------------|----------------------|-------------------------------|--------------------------------|
| TOTALS:       |                      |                               |                                |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement.  $_____

[ ]   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ]   the interest requirement is waived for the    [ ] fine and/or [ ] restitution.

   [ ]   the interest requirement for the    [ ] fine and/or   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 1:02CR00073-01T                                                                                          Judgment - Page 7 of 7
DEFENDANT: **ARIES D. CRUDUP**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✔]   Lump sum payment of $100.00 due immediately, balance due

          [ ] not later than _, or
          [ ] in accordance with  [] C,  [] D, or [] E  below;  or

B   [ ]   Payment to begin immediately (may be combined with [] C, [] D, or [] E below); or

C   [ ]   Payment in _ installments of $_ over a period of _, to commence _ after the date of this judgment; or

D   [ ]   Payment in _ installments of $_ over a period of _ , to commence _ after release from imprisonment to a term of supervision; or

E   [ ]   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

      Defendant Name, Case Number, and Joint and Several Amount:


[ ]   The defendant shall pay the cost of prosecution.


[ ]   The defendant shall pay the following court cost(s):


[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.