Fr: Aries D. Crudup
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

Case No. :02-CR-73T

To: Clerk Of Court
One Exchange Terrace
Providence, RI 02903

**IN RE: Supplemental Pleading Of Supreme Court Authority**

Petitioner now sets forth pertinent Supreme Court Authority in support of his presently pending Supplemental Pleadings Issue, filed in this Court on or about August 11, 2005. Said Supreme Court authority has recently come to the attention of Petitioner.

* * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner now submits Davis v. United States, 417 U.S. 333, in support of his pending Supplemental Pleadings Issue, which explicitly held that "the Court of Appeals' prior decision in the case did not prevent the petitioner's § 2255 [Supplemental Pleadings Issue] claim based on a change in the law." Petitioner is entitled to benefit of newly decided judicial authority where, as in the case at bar, petitioner preserved the issue **during sentencing** and while on **direct review.**

In a supplemental pleadings issue to this Court, petitioner argued that the then recently decided appellate court decision of U.S. v. Antonakopoulos, 399 F.3d 68 (2005), gave this Honorable Court authority [under Bookers' "advisory Guidelines" regime] to correct alleged Booker error, based on sentencing under a mandatory Guidelines system, that amounted to plain error, where defendant can point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant had the Guidelines not been mandatory.

Background

In the instant case, the petitioner was sentenced to a seven year, four month term as a result of a probation violation arising out of the facts of his federal conviction as a felon in possession. At the sentencing hearing, the petitioner sought a concurrent sentence. The sentencing court, relying on U.S.S.G. § 5G1.3 and First Circuit precedent, denied the request due to the mandatory application of the Guidelines at the time of petitioner's sentencing.

At petitioner's sentencing hearing on May 2, 2003, the district court properly invoked settled circuit precedent (United States v. Gondek, 65 F.3d 1 (1st Cir. 1995)), and rejected petitioner's request that it exercise its discretion to order that his 84-month federal sentence for violating 18 U.S.C. § 922(g)(1) be served concurrently —— either in whole or in part —— with the 103-month state sentence imposed for violating the terms of his probation.

* * * * * * * * * * * * * * * * * * * * * * * * *

DISCUSSION

Where there has been an intervening change in circuit law, on an issue raised while on direct review, petitioner is entitled to review of that issue on the merits of his claim, where petitioner is presently on § 2255 petition —— on the basis of the intervening change in circuit law, where the law of the case is in error. See U.S. v. Davis, 417 U.S. 333 (1974); see also, White v. U.S., 371 F.3d 900 (7th Cir. 2004)(holding, even where the law of the case doctrine applies, the doctrine has **exceptions** for new evidence, **changes of law**, clearly erroneous prior decisions and manifest injustice.). White, at 902. (emphasis added petitioner).

Petitioner is entitled to review of his preserved issue that was decided in the negative against the petitioner throughout the proceedings of his case.

During petitioner's sentencing, petitioner's counsel raised the issue of consecutive versus concurrent sentencing. The following transpired.

> THE COURT: "How do you -- why do you say that subsection (a) of 5G1.3 of the Guidelines doesn't apply? That says that if this offense was committed while he was serving a term of imprisonment, which is defined rather broadly, and which is referred to in Note 6 -- well, let me go directly to Application Note 6. Application Note 6 deals with revocations. It says If the Defendant was on Federal or State probation, and I'm omitting words that aren't relevant here, but if the Defendant was on Federal or State probation at the time of the instant offense, which his was, and he was sentenced, that the sentence for this offense should run consecutively to the term imposed to the violation of the probation. **How do you get around that application note?**
>
> MR. ROY: It's obviously a problem, your Honor. I looked at some cases that I cited in my Memorandum, but also, Judge, Section 5G1.3 references 18 U.S. Codes Section 3584(a) and 3553(a) for the proposition that the Court possesses discretion in terms of imposing a consecutive versus concurrent sentence. So the argument might be the statute trumps the Guidelines in that respect, and there is --
>
> THE COURT: Well, the First Circuit has said just the opposite; **it said that discretion exists only to the extent that the Guidelines haven't spoken, and here the Guidelines specifically address the situation."**

Tr. May 2, 2003, p. 11, lines 19-25, p.12, lines 1-22.

ARGUMENT

Specifically, the recent Supreme Court decision in Booker held that the Sentencing Guidelines are to be applied "advisory" instead of "mandatory" under the new Booker regime. The Booker decision is the foundation of the decision in Antonakopoulos. Against this back drop (the Guidelines no longer having a mandatory application), the First Circuit Court of Appeals held, where a defendant showed a reasonable probability that the district court would have imposed a different sentence more favorable to the defendant at sentencing —— had the Guidelines not been mandatory —— now, in light of the intervening change in circuit law, this Court has the authority to impose the favorable sentence because, the Guidelines are no longer mandatory. See U.S. v. Antonakopoulos, 399 F.3d 68 (2005).

The district court was bound by application Note 6 of Section 5G1.3 of the Sentencing Guidelines, which was mandatory at the time of petitioner's sentencing. In essense, there is a likely probability that the district court would have sentenced petitioner concurrent.

> THE COURT: "Well, think that's problem, Mr. Roy, Note 6 is about the only clear thing, I guess, in 5G, but Note 6 seems to address this specific situation. There's no question Mr. Crudup would be entitled to credit for some of the time that he has been held in Federal custody; that, obviously, will be credited towards whatever sentence this Court imposes, but as far as the sentence for the State Court violation, I think Note 6 specifically addresses that."

Tr. May 2, 2003 p. 14, lines 14-22.

Therefore, petitioner is entitled to the benefit of newly decided First Circuit authority, where, as here, petitioner is presently on § 2255 review. See, Davis v. United States, 417 U.S. 333 (1974). Accordingly, petitioner's case should be remanded for resentencing in accord with Antonakopoulos.

## CONCLUSION

For the foregoing reasons, petitioner is requesting that this Honorable Court resentence petitioner while petitioner is presently on his initial § 2255 review, or hold an evidentiary hearing on the issue allowing petitioner the oppertunity to present his claim before the Court.

Respectfully submitted,

Aries D. Crudup #05205-070
Petitioner Pro Se
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

I HEREBY DECLARE, under the penalty of perjury that the foregoing is true and correct. Executed 12-6-05.

Aries D. Crudup

# CERTIFICATE OF SERVICE

I, Aries D. Crudup, hereby certify that I have served a true and correct copy of the foregoing:

Supplemental Pleading Of Supreme Court Authority

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Zechariah Chafee
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 6th day of 2005,

Respectfully Submitted,

Aries Crudup

REG. NO. 052-050-70