UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ARIES CRUDUP

v. CR No. 02-73-T

UNITED STATES OF AMERICA

**ORDER DENYING REQUEST FOR NUNC PRO TUNC ORDER**

Aries Crudup has moved for an order "clarifying" the intent of the sentence imposed by this Court on May 2, 2003. However, the sentence imposed and the reasons for imposing it were clearly stated at the time of sentencing and are set forth in the transcript.

The real grievance expressed by the petitioner appears to be that the Bureau of Prisons has denied him credit for time that he was incarcerated prior to the imposition of sentence. The petition does not indicate whether the petitioner has exhausted his administrative remedies in challenging that calculation. If he has, the proper remedy would be for him to file a petition for a writ of habeas corpus and to serve a copy upon the United States Attorney.

By Order

Deputy Clerk

ENTER:

Ernest C. Torres
Chief Judge

Date: 3/21 , 2006

cc: Edward Roy, Federal Defender (w/copy of request for nunc pro tunc order filed by petitioner)

FILED

FEB 13 2006

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Feburuary 8, 06

ARIES CRUDUP,
Petitioner,

-vs- C.A. 02-CR-73T

UNITED STATES OF AMERICA,
Respondent.

**REQUEST FOR NUNC PRO TUNC ORDER**
**TO CLARIFY THE COURT'S INTENT AT SENTENCING**

Petitioner Aries Crudup, moves this Honorable Court for a Nunc Pro Tunc Order to clarify the intent of the imposed sentence by this Court on May 2, 2003. Petitioner now submits the following facts:

During sentencing, the Honorable Ernest C. Torres set forth from the bench the following in pertinent part:

> "[E]xcept that you shall receive credit for the time that you have been in Federal custody, and the Bureau of Prisons has to calculate what that is, the Court doesn't make that calculation."

See, Sentencing Transcript May 2, 2003, page 18, lines 3-7.

Petitioner is presently incarcerated at USP Lewisburg, a Federal penitentiary. Here, the institution holds the position that petitioner can not be credited for the time he has spent in Federal custody.

Petitioner was originally indicted in July 2002. However, petitioner was not sentenced until May 2, 2003, as stated in petitioner's opening statement.

THE COURT: "So how long has he been in Federal custody for this charge?

MR. ROY [Petitioner's Counselor]: Since July of 2002."

See, Sentencing Transcript, May 2, 2003, page 11, lines 16-18.

At the present, petitioner has only received credit from September 21, 2005. Clearly petitioner is being denied the safegards of the Judge's Order from the bench.

WHEREFORE, petitioner prays that this Honorable Court sends a Nunc Pro Tunc Order clarifing its intent when sentence was imposed upon petitioner; and all just and proper in the premises.

Sincerely requested,

Aries Crudup
Petitioner Pro Se